# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| MORGAN KEEGAN & COMPANY, INC., | * |
| | * |
| Plaintiff/Respondent | * |
| | * |
| v. | *   Case No. _____ |
| | * |
| JASON PESSEL, ROTH IRA ACCOUNT, | * |
| JASON and CARA PESSEL, | * |
| DAVID PESSEL, Trustee for ERIC PESSEL, | * |
| RHONA PESSEL ROTH IRA ACCOUNT, | * |
| DAVID PESSEL ROTH IRA ACCOUNT, | * |
| DAVID PESSEL IRA ROLLOVER ACCOUNT, | * |
| ERIC PESSEL, ERIC PESSEL IRA ACCOUNT, | * |
| JASON PESSEL IRA ACCOUNT, | * |
| RHONA PESSEL IRA ACCOUNT, and | * |
| SYLVIA STIFTEL, Trustee for SYLVIA | * |
| STIFTEL TRUST ACCOUNT, | * |
| | * |
| Defendants/Claimants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff / Arbitration Respondent Morgan Keegan & Company, Inc. ("Morgan Keegan"), by and through its undersigned counsel, hereby files its Complaint against Defendants/ Arbitration Claimants and in support thereof, states as follows:

1.  Plaintiff Morgan Keegan is a Tennessee corporation with its principal place of business in Memphis, Tennessee.

2.  Upon information and belief, David Pessel is an individual who resides in Colorado.

3.  Upon information and belief, Rhona Pessel is an individual who resides in Colorado.

1

4. Upon information and belief, Eric Pessel is an individual who resides in Colorado.

5. Upon information and belief, Jason Pessel is an individual who resides in New York.

6. Upon information and belief, Cara Pessel is an individual who resides in New York.

7. Upon information and belief, The Sylvia Stiftel Trust U/A 01/09/98, Sylvia Stiftel Trustee for the Benefit of Sylvia Stiftel, is a Trust located in Florida. Upon information and belief, Sylvia Stiftel is an individual who resides in Florida.

## JURISDICTION

8. The Court has jurisdiction under 28 U.S.C. § 1331, because the arbitration panel manifestly disregarded governing federal law, specifically Rule 10b-5 of the Securities and Exchange Act of 1934 (codified at 17 C.F.R. § 240.10b-5). This is an independent basis for federal jurisdiction. *See*, *e.g.*, *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111-12 (9th Cir. 2004); *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000).

9. The remaining claim, based upon the arbitrators' exceeding their authority under 9 U.S.C. § 10(a) and Colorado Revised Statute 13-22-223(1), may be heard pursuant to 28 U.S.C. § 1367. This claim is "so related" to the claim upon which jurisdiction is based as to form "part of the same case or controversy." 28 U.S.C. § 1367(a). *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997). The claims "derive from a common nucleus of operative fact," *i.e.* the decision of the Panel in the instant Arbitration. *See id.* at 165-66 (holding "[t]hat is all the statute requires to establish supplemental jurisdiction").

## VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). *See also Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 204 (2000).

## FACTS

11. Plaintiff and Defendants were parties to the arbitration captioned *Jason Pessel Roth IRA Account, Jason & Cara Pessel, David Pessel, Trustee for Eric Pessel, Rhona Pessel Roth IRA Account, David Pessel Roth IRA Account, David Pessel IRA Rollover Account, Eric Pessel, Eric Pessel IRA Account, Jason Pessel IRA Account, Rhona Pessel IRA Account, and Sylvia Stiftel, Trustee for Sylvia Stiftel Trust Account v. Morgan Keegan & Co., Inc.*, FINRA Dispute Resolution No. 10-03431.

12. Defendants purchased the securities at issue, RMK High Income Fund, Inc. (the "High Income Fund") and RMK Advantage Income Fund, Inc. (together, the "Funds"), from accounts they held at Fidelity Investments, and not from Morgan Keegan.

13. After a three-day hearing ending on October 7, 2011, arbitrators Charles G. Michael, Thomas L. Dueber, and Melissa Dawn Hubbard (the "Panel") entered an award (the "Award") against Morgan Keegan and in favor of Respondents in the amount of $41,855.00 on November 17, 2011. (The award is attached as Exhibit A.)

14. In entering the award, the Panel manifestly disregarded federal law. In *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S.Ct. 2296, 2299, -- U.S. -- (2011), the Supreme Court held that an entity that does not issue the prospectus is not responsible for it and cannot be held liable under the federal securities law, even if it participated in drafting the

document. Here, Morgan Keegan did not draft the Funds' offering documents. They were drafted, issued, and filed by the Funds themselves. By virtue of entering the Award against Morgan Keegan, the Panel was willfully inattentive to governing law.

15.     The Panel also manifestly disregarded Colorado law. Under the Colorado Securities Act, Colo. Rev. Stat. 11-51-604, Claimants must establish either that Morgan Keegan is a "seller" of securities or that Morgan Keegan gave "substantial assistance" to someone it knew was engaging in a violation of Section 11-51-501. Claimants never alleged or proved the existence of a primary violation at all, and therefore the Panel manifestly disregarded Colorado law and was willfully inattentive to that law by issuing an Award against Morgan Keegan. And Morgan Keegan is not a "seller" of securities, because Morgan Keegan never solicited Claimants, who made their purchases through Fidelity Investments, and not through Morgan Keegan.

16.     Additionally, the Panel exceeded its authority such that a mutual, final, and definite award was not made. Section 10(a)(4) of the Federal Arbitration Act provides that a district court may vacate an arbitration award on the application of any party "where the arbitrators exceed[] their powers, or so imperfectly execute[] them that a mutual, final, and definite award upon the subject matter submitted [is] not made." 9 U.S.C. § 10. Similarly, the Panel exceeded its authority under Colorado law, which provides that an arbitration award may be vacated where the "arbitrator exceeded the arbitrator's powers." Colo. Rev. Stat. 13-22-223.

17.     FINRA Rules prohibit the Panel from hearing claims of non-customers that Morgan Keegan has not agreed to arbitrate. *See* FINRA Rule 12200. FINRA Rule 12200 mandates that a dispute between an investor and a FINRA member is to be arbitrated only if it is

"between a customer and a [FINRA] member or associated person of a member." The Panel exceeded its authority by hearing these non-customer Claimants' claims, despite the fact that Claimants never maintained an account at Morgan Keegan, never sought investment advice from Morgan Keegan, and no one at Morgan Keegan ever knew that Claimants had purchased the securities. *See Contemporary Fin. Solutions, Inc. v. Miller*, No. 07-cv-0793, 2007 WL 4197588, at *4 (D. Colo. Nov. 20, 2007) (Krieger, J.) (to be a customer, "an individual must have received investment or brokerage services, not just financial advice," from the broker-dealer or the broker-dealer's "associated person"); *Fleet Boston Robertson Stephens, Inc. v. Innovex. Inc.*, 264 F.3d 770, 772 (8th Cir. 2001) ("customer" under FINRA Rules is "one involved in a business relationship with a[]…member that is related directly to investment or brokerage services").

18. Morgan Keegan never agreed to arbitrate the claims of non-customers, and the Panel exceeded its authority under 9 U.S.C. § 10(a)(4) and Colo. Rev. Stat. 13-22-223.

## CLAIM FOR VACATUR OF THE ARBITRATION AWARD

19. Morgan Keegan repeats and realleges paragraphs 1 through 18 as though fully rewritten here.

20. The Panel manifestly disregarded federal law, *see Janus Capital Group, Inc. v. First Derivative Traders*, 131 S.Ct. 2296, 2299, -- U.S. -- (2011), and Colorado law, *see* Colo. Rev. Stat. 11-51-604. The Panel was willfully inattentive to the law, as apparent by the fact that it issued an award at all.

21. As a result of hearing claims of non-customers of Morgan Keegan, the Panel exceeded its authority under FINRA Rules.

22. Vacatur of the Award is warranted both because (i) the Panel manifestly disregarded federal and state law, and (ii) the Panel exceeded its authorities in hearing claims of non-customers.

## PRAYER FOR RELIEF

**WHEREFORE,** Morgan Keegan prays that, after due proceedings, judgment be entered in its favor and against Respondents vacating the Award rendered in the matter *Jason Pessel Roth IRA Account, et al. v. Morgan Keegan & Co., Inc.*, FINRA Dispute Resolution No. 10-03431.

Respectfully submitted this 15th day of December, 2011.

*s/ Joy Allen Woller*

William D. Nelson
Joy Allen Woller
ROTHGERBER JOHNSON & LYONS LLP
1200 17th Street, Suite 3000
Denver, Colorado  80202
Telephone:  (303) 623-9000
Facsimile:  (303) 623-9222
E-mail: wnelson@rothgerber.com
        jwoller@rothgerber.com


George C. Freeman
Jamie L. Berger
**BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.**
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
gfreeman@barrassousdin.com
jberger@barrassssousdin.com

*Attorneys for Plaintiff Morgan Keegan & Co., Inc.*