IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-03293-RPM

MORGAN KEEGAN & COMPANY, INC.,

    Plaintiff/Respondent,

v.

JASON PESSEL, ROTH IRA ACCOUNT,
JASON and CARA PESSEL,
DAVID PESSEL, Trustee for ERIC PESSEL,
RHONA PESSEL ROTH IRA ACCOUNT,
DAVID PESSEL ROTH IRA ACCOUNT,
DAVID PESSEL IRA ROLLOVER ACCOUNT,
ERIC PESSEL, ERIC PESSEL IRA ACCOUNT,
JASON PESSEL IRA ACCOUNT,
RHONA PESSEL IRA ACCOUNT, and
SYLVIA STIFTEL, Trustee for SYLVIA
STIFTEL TRUST ACCOUNT,

    Defendants/Claimants.

---

ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

---

    Morgan Keegan & Company, Inc., ("Morgan Keegan") filed this civil action to vacate an award in an arbitration conducted pursuant to the rules of the Financial Industry Regulatory Authority ("FINRA") in favor the defendants, Jason Pessel, *et al.,* contending that the arbitration panel had no authority to determine the claimants' claims for damages for violation of Rule 10(b)(5) and § 10(b) of the Securities and Exchange Act of 1934 in the marketing of RMK Advantage Income Fund (RMA) in which they invested through Fidelity Investments, a brokerage firm not connected with the plaintiff. The claimants' bases for these claims were stated in the Statement of Claim in

Arbitration. The claimants also asserted violation of Colorado's statutory analog to the federal statute.

Morgan Keegan signed a submission agreement for the arbitration on November 16, 2010.

Morgan Keegan filed a motion to dismiss the arbitration, contending that it could have no liability for the claimants' losses because they were not customers of it and because its participation in the marketing of the fund was not sufficient to support liability for the claims made. The arbitration panel denied that motion to dismiss and a subsequent motion. The arbitration hearing was conducted from October 4 through October 7, 2011, and the arbitration award was issued on November 17, 2011. Because the parties did not request a reasoned award, the arbitration panel did not explain the denial of the motions to dismiss or the factual support for the liability of Morgan Keegan for damages in the amount $41,855 plus interest at 8% from the date of the award.

Morgan Keegan claims that this Court should vacate the award because there being no business relationship between it and the claimants, the panel exceeded its authority and the panel disregarded applicable law, particularly the decision of the United States Supreme Court in *Janus Capital Group, Inc., et al. v. First Derivative Traders,* 131 S.Ct. 2296 (2011).

The claimants, defendants in this civil action, filed a counter petition asking this Court to affirm the award and enter judgment pursuant to it.

The plaintiff contends that the arbitration panel did not have jurisdiction and that the ruling to the contrary as well as the determination of liability constitute a manifest

2

disregard of federal and state law.  This Court's authority to vacate an arbitration award is limited by 9 U.S.C. § 10(a) and the Colorado Uniform Arbitration Act C.R.S. § 13-22-223.

The contention that the arbitration panel exceeded its powers is rooted in the contention that there can be no application of FINRA rules where there is no customer relationship and that Morgan Keegan could have no liability for violations of the applicable federal and state securities laws when it had no dealings with the claimants.  That is a mixed question of fact and law and in the Claimants' Statement of Claims, there are many factual allegations which would support a claim of liability.  This Court is not empowered to vacate the award on the basis of a disagreement with the view of the law apparently taken by the arbitration panel.

The plaintiff has failed to show a basis for vacating the arbitration award and, accordingly, it is this Court's duty to grant the defendants' counter petition to enforce the award by the entry of judgment.  The defendants have also sought attorney fees under C.R.S. § 13-22-225, providing for a discretionary award of fees and this Court now declines to exercise that discretion.  Upon the foregoing, it is

ORDERED that the Clerk shall enter judgment pursuant to the arbitration award, awarding the defendants $41,855 plus interest at 8% per annum to the date of judgment and the defendants' statutory costs.

Dated:   May 1st, 2012

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge